**UNITED STATES, Appellee,**

v.

**Private First Class Charles E. HILLIARD, SSN 159–52–1671, United States Army, Appellant.**

**CM 440597.**

U. S. Army Court of Military Review.

29 Oct. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel Jerome E. Kelly, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Rexford T. Bragaw, III, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

OPINION OF THE COURT

GARN, Judge:

The appellant was convicted of larceny and unlawful entry by a general court-martial and sentenced to forfeit two hundred dollars pay per month for four months, to perform extra duty for four months, and to be reduced to the grade of Private E–1. The convening authority approved the sentence and ordered it executed on 27 January 1981. He then forwarded the record of trial to the office of The Judge Advocate General in accordance with the provisions of Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869. The Judge Advocate General, pursuant to the same Article

of the *Code*, referred the appellant's case to this Court for review.

The appellant argues that, while extra duty is a proper form of punishment that may be included in a sentence adjudged by a court-martial,[1] the maximum lawful period for that punishment is three months. The appellant's argument is premised on the President's having limited the period of the punishment of hard labor without confinement to three months,[2] and the similarity between the punishments of hard labor without confinement and extra duties.[3] Counsel for the Government argue that extra duty is a less severe form of punishment than hard labor without confinement and, because neither Congress nor the President has limited the duration of that punishment, the appellant's sentence was entirely lawful.

Extra duty imposed on a noncommissioned officer may be less severe than hard labor without confinement because it may not be of a kind which demeans his grade. *See* paragraph 131c (6), *Manual for Courts-Martial*, United States, 1969 (Revised edition). Otherwise, the only difference between the two punishments is that hard labor without confinement can result in an automatic reduction to the lowest enlisted grade when adjudged by a court-martial,[4] while a sentence including the punishment of extra duty can not have that automatic effect.

In the appellant's case the sentence as adjudged and approved included reduction to the lowest enlisted grade and there was no difference between the punishments of extra duty and hard labor without confinement. In effect the appellant suffered the consequences of the punishment of hard labor without confinement and served that punishment for one month more than the time limitation prescribed by the President. We will grant the appellant relief by reducing the forfeiture portion of his sentence.

The remaining assigned error is without merit. The findings of guilty and only so much of the sentence as provides for reduction to the grade of Private E–1, extra duty for three months, and forfeiture of $155.00 pay per month for three months are affirmed.

Senior Judge JONES concurs.

Judge HANFT not participating.

---

1. *See United States v. Pleasants*, 46 C.M.R. 1294 (A.C.M.R.1973).

2. *See* paragraph 126*k*, Manual for Courts-Martial, United States, 1969 (Revised edition).

3. Compare paragraph 131*c* (6) with paragraph 126*k*, Manual for Courts-Martial, United States, 1969 (Revised edition).

4. *See* Article 58a, Uniform Code of Military Justice, 10 U.S.C. § 858a.